

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00703-CV

Terrick L. **ALSBROOKS**,
Appellant

v.

**CHERISH REALTY SOLUTIONS LLC**, Tina Lashaun Skinner,
and Fidelity Marketing LLC,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2022CV02415
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: May 31, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant, Terrick L. Alsbrooks, seeks to appeal from the trial court's October 20, 2022 order dismissing appellant's claims asserted under the Real Estate Settlement Procedure Act (hereinafter "the dismissal order"). On January 30, 2023, the trial court clerk filed the clerk's record. After reviewing this record, we could not determine whether the dismissal order is a final, appealable order. Specifically, the dismissal order does not unequivocally state that it finally disposes of all claims and parties. Moreover, the dismissal order makes no mention of either

appellant's breach of contract claim or the counterclaim pleaded by Cherish Realty Solutions LLC, one of the appellees.

In light of these concerns, we abated this appeal and ordered the trial court to clarify whether it intended to render a final judgment and, if so, to sign a judgment that is final for purposes of appeal. We further ordered the trial court to cause a supplemental clerk's record containing any pleadings, orders, and judgment relating to our order to be filed in this court.

The supplemental clerk's record that was filed on March 23, 2023, lacks the clarification that we sought. Because it appeared that the trial court may not have rendered a final judgment or an appealable interlocutory order, we ordered appellant to show cause in writing on or before April 24, 2023, why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 192-93 (Tex. 2001) (defining a judgment as final and appealable "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties."). Appellant has not responded to our show cause order.

Because the record does not include an appealable interlocutory order or final judgment, this court has no jurisdiction over the appeal, and we must dismiss it. *See* TEX. R. APP. P.2.3(a); *Lehmann*, 39 S.W.3d at 195.

PER CURIAM